## SUPREME COURT.

LUCIUS M. BANGS, receiver, &c. of the Genesee Mutual Insurance Company agt. HENRY W. BARTO.

By the " act to facilitate the closing up of insolvent and dissolved mutual insurance companies," passed April 21, 1862, it was intended to limit the *costs, besides disbursements, to twenty dollars,* in all cases where actions had been commenced, and *had not proceeded to judgment,* whether they should be referred under the fifth section to a referee, or the issues joined should be tried by the court or a jnry.

*Wyoming Special Term, December,* 1862.

MOTION for readjustment of costs. The action was tried by the court at the Genesee November circuit, 1862, and decision of the court was in favor of the plaintiff for $196. The bill of costs, containing charges for *term* and *trial* fees, amounting to $70, was presented to the clerk for adjustment. These items were rejected and $20 substituted. The action was upon a premium note given for a policy of insurance.

A. N. WELLES, *for plaintiff.*

C. HENSHAW, *for defendant.*

MARVIN, Justice. Whether the clerk was right, depends upon the construction to be given to the act of April 21, 1862, entitled " An act to facilitate the closing up of insolvent and dissolved mutual insurance companies." (*Sess.*

*Laws* 1862, 743.) The first section of the act provides for a reference to a sole referee of any controversy or disagreement in the settlement of any demand or claim against a member or stockholder.

The 2d, 3d and 4th sections relate to the powers and duties of the referee and the practice, including an appeal to the supreme court. It is declared in the fifth section that " the supreme court shall have power to refer all actions now pending therein, wherein any such receiver is a party, and when any controversy arises, as mentioned in the first section of this act. Such reference shall in no way prejudice the proceedings already had." The sixth section provides : " The prevailing party shall recover the disbursements to the controversy only. This act shall not affect the costs already made in actions pending, and the costs now incurred in actions pending shall abide the event of the action, not to exceed $20 in cases where no judgment has been entered. Costs on appeal may be allowed in the discretion of the court, and may be absolute or directed to abide the event of the action."

The supreme court has power to refer actions pending when the parties to the action and the controversy are such as are specified in the first section of the act. This is so provided by the fifth section. The first sentence in the sixth section is: " The prevailing party shall recover the disbursements to the controversy only."

If the act stopped here, it would be clear that disbursements only could be recovered in the case of a reference under the fifth section. It provides, however: " This act shall not affect the costs already made in actions pending, and the costs now incurred in actions pending shall abide the event of the action, not to exceed $20 in case where no judgment has been entered."

The counsel for the plaintiff argues that these provisions apply only to actions pending at the time the act was passed, and which have been actually referred under sec-

tion five. That the entire act relates to references and to cases that have been referred; and that all that is said touching costs relates to such cases. I think such is not the true construction of these provisions of the act. It was intended by the legislature that in pending actions the prevailing party's right to costs should not be affected, but that the costs incurred in such actions should abide the event of the action, not, however, to exceed twenty dollars. If there could have been any doubt as to the proper construction, it would be removed by the words, "in cases where no judgment has been entered." It was the intention to include all pending cases that had not gone to judgment.

There had been no judgment in cases referred pursuant to this statute, as there could have been no such references.

Unless these provisions touching costs include all cases pending, whether they should be tried by jury, the court, or a referee appointed under the act, the words, "in cases where no judgment has been entered," would be certainly meaningless. I think it was the intention of the legislature to limit the costs, besides disbursements, to twenty dollars, in all cases where actions had been commenced and had not proceeded to judgment, whether they should be referred under the fifth section to a referee, or the issues joined should be tried by the court or a jury. The clerk was right and the motion must be, denied.